[Civ. No. 7853. Second Appellate District, Division One.—April 28, 1932.]

ALICE HALL, Respondent, v. BILL WILLIAMS et al., Appellants.

[Civ. No. 7854. Second Appellate District, Division One.—April 28, 1932.]

FRANK HALL, Respondent, v. BILL WILLIAMS et al., Appellants.

Lon A. Brooks for Appellants.

John J. Dillon for Respondents.

CONREY, P. J.—The plaintiff Alice Hall is the mother of plaintiff Frank Hall. Each of them received personal injuries resulting from a collision which occurred between an automobile, driven by Frank Hall, and a truck driven by defendant Bill Williams, who at the time was driving said truck as the employee of defendant Leo Honek. The two actions were consolidated for trial. In accordance with the verdict of the jury, damages were awarded in favor of Alice Hall in the sum of $11,000, and in favor of Frank Hall in the sum of $2,500, besides costs.

The sole grounds of appeal are that the verdict of the jury in each case was contrary to the evidence, because (a) in the case of respondent Alice Hall, the injuries were, according to the evidence, caused solely by the negligence of Frank Hall, with whom she was riding; and (b), in the case of Frank Hall, that the appellants' allegation of contributory negligence was established; and in each case that the amounts awarded as damages were excessive.

At the time of the accident in which the plaintiffs' injuries were received, the plaintiffs in their automobile were traveling in an easterly direction on West Adams Street, in the city of Los Angeles, approaching a cross-street named Moynier Lane. At the same time the defendant Williams, in a truck belonging to defendant Honek, was approaching the same cross-street from the east. The truck made a left turn for the purpose of going south along Moynier Lane, at the same time when the automobile of plaintiffs was crossing or about to cross the intersection. According to the testimony of Frank Hall and other witnesses, the truck was traveling

at the rate of thirty to thirty-five miles per hour, and continued that speed up to the time of the collision; and defendant Williams made the turn without first giving any signal that he was about to make such turn. By the testimony of those witnesses, or some of them, it further appears that the automobile of plaintiffs was proceeding through the intersection at a speed of not more than fifteen miles per hour, and that the truck, without any signal given, made a sharp turn, which was the proximate cause of the collision.

The argument for appellants is based upon the claimed weakness and improbability of the testimony of the witnesses produced by the plaintiffs, as compared with the stronger and more probable testimony of the witnesses produced by defendants. Taking by itself the testimony which is favorable to the plaintiffs, we find it is sufficient to support the verdict. This being so, such evidence is not rendered any less sufficient in law by the fact that there is other testimony which, if believed by the jury, would have exonerated the defendants from liability in the case.

An examination of the testimony concerning the injuries received by the respective plaintiffs reveals injuries of such serious character, and in the case of Alice Hall reveals injuries of such serious and permanent character, that we are unable to say that the amount of damages awarded is excessive; or that the awards were the result of passion or prejudice on the part of the jury, and were not the result of a fair and unbiased consideration of the evidence.

The judgments are, and each of them is, affirmed.

York, J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1932.